

Search for Cases by: Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print        GrantedPublicAccess   Logoff KATRINAMORGAN

**2111-CC00722 - KEITH LOGAN V FAURECIA AUTOMOTIVE SEATING (E-CASE)**

FV ...de Viewer

Sort Date Entries:  ● Descending  ○ Ascending        Display Options: All Entries

**Click here to eFile on Case**
Click here to Respond to Selected Documents

---

**09/13/2021**  ☐ **Corporation Served**
Document ID - 21-SMCC-1407; Served To - FAURECIA AUTOMOTIVE SEATING, LLC; Server - SHERIFF, COLE COUNTY, MISSOURI; Served Date - 03-SEP-21; Served Time - 10:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SUMMONS SERVED TO DESERE MINU

**08/23/2021**  ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-1407, for FAURECIA AUTOMOTIVE SEATING, LLC. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. AMS

**08/20/2021**  ☐ Filing Info Sheet eFiling
   **Filed By:** JOSHUA GRAHAM MILLER

☐ **Pet Filed in Circuit Ct**
Petition.
   **Filed By:** JOSHUA GRAHAM MILLER
   **On Behalf Of:** KEITH LOGAN

☐ Judge Assigned

Case.net Version 5.14.24              Return to Top of Page              Released 09/07/2021

EXHIBIT A

IN THE 11th CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KEITH LOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| | ) |
| FAURECIA AUTOMOTIVE SEATING, LLC, | ) |
| a foreign limited liability company, | ) |
| | ) JURY TRIAL DEMANDED |
| SERVE REGISTERED AGENT: | ) |
| Capitol Corporate Service, Inc. | ) |
| 222 E. Dunklin Street, Suite 102 | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) |

**PETITION**

COMES NOW Plaintiff, Keith Logan, by and through undersigned counsel, and for his causes of action against Defendant, hereby states and alleges the following:

**JURISDICTION AND VENUE**

1. This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's rights pursuant to the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), and the Missouri Human Rights Act ("MHRA").

2. Plaintiff Keith Logan is a 51-year-old individual who resided at all relevant times in St. Louis County, State of Missouri.

3. Defendant Faurecia Automotive Seating, LLC, (hereinafter "FAS") is a foreign corporation.

4. Defendant FAS regularly and systematically conducts and transacts business associated with and in the County of St. Charles, State of Missouri.

5. Defendant FAS is an employer with 50 or more employees within

75 miles of Plaintiff's job location.

6. Defendant FAS is an employer within the meaning of the FMLA, ADA, and MHRA.

7. Venue is proper within this Court because the unlawful practices complained of herein occurred in the County of St. Charles, State of Missouri.

8. Plaintiff filed a charge of discrimination and was issued a Notice of Right to Sue by the U.S. Equal Employment Opportunity Commission.

9. Over 180 days have passed since Plaintiff filed his Charge of Discrimination and Plaintiff was issued a right to sue from the Missouri Commission on Human Rights.

## GENERAL ALLEGATIONS

10. Plaintiff began working for FAS in February of 2014 as an assembler.

11. In 2015, Plaintiff was diagnosed with type 2 diabetes.

12. In August 2018 Plaintiff began taking intermittent FMLA to attend doctors' appointments due to his diabetes.

13. On some days Plaintiff's blood sugar would rise and he would have to wait to see if he was able to recover.

14. If Plaintiff was not able to recover, he would have to seek leave.

15. On or about February 3, 2020 Plaintiff applied for a gap lead position.

16. The position was a step up from his current role, included a pay increase, and was considered a promotional opportunity.

17. On or about February 6, 2020, Plaintiff was interviewed to the position.

18. After the interview Plaintiff was informed that the position was given to another less qualified employee.

Electronically Filed - St Charles Circuit Div - August 20, 2021 - 01:35 PM

19. On or about February 11, 2020, Plaintiff had a meeting with the head supervisor and two union representatives.

20. The purpose of the February 11, 2020 meeting was to discuss why the less qualified employee had been given the position instead of Plaintiff.

21. At the meeting Defendant's representatives specifically mentioned Plaintiff's medical disability and use of medical leave as reasons Plaintiff was not promoted.

22. Plaintiff made an internal complaint to Defendant's Human Resources Department.

23. Defendant's Human Resource Department acknowledged that the supervisor should not have used Plaintiff's medical disability and use of medical leave as a reason not to promote Plaintiff.

24. Defendant refused to discipline the manager for his statements and wrongful consideration of medical disability and use of medical leave as a reason not to promote Plaintiff.

25. Defendant refused to reconsider Plaintiff for the position.

## COUNT I

### (Family Medical Leave Act – Discrimination/Retaliation FAS)

26. Plaintiff restates and realleges paragraphs 1-25 of this Complaint.

27. The FMLA prohibits discrimination and/or retaliation for exercising rights under the FMLA.

28. Defendant is an employer with 50 or more employees within 75 miles of Plaintiff's job location.

29. Plaintiff was otherwise eligible for FMLA leave.

30. Defendant discriminated and/or retaliated against Plaintiff when it failed to

Electronically Filed - St Charles Circuit Div - August 20, 2021 - 01:35 PM

promote Plaintiff for seeking leave he was entitled to pursuant to the Family and Medical Leave Act.

31. Defendant's failure to promote Plaintiff was directly related to, or was caused by, Plaintiff's exercise of his rights under the FMLA.

32. That as a result of the wrongful actions of Defendant, Plaintiff lost wages, salary, and/or other compensation.

WHEREFORE Plaintiff prays for Judgment against the Defendant, FAS, for lost wages, salary, employment benefits, and/or other compensation denied or lost; the interest on said damages calculated at the prevailing rate; liquidated damages prescribed by statute equal to the above damages; equitable relief as may be appropriate, reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and such other and further relief as the court deems just and appropriate.

## COUNT II

**(Family Medical Leave Act – Interference FAS)**

33. Plaintiff restates and realleges paragraphs 1-25 of this Complaint.

34. The FMLA prohibits Defendant from interfering with, restraining, denying the exercise of or the attempt to exercise of any right provided under the FMLA.

35. Defendant is an employer with 50 or more employees within 75 miles of Plaintiff's job location.

36. Plaintiff was otherwise eligible for FMLA leave.

37. Among others, 29 C.F.R. § 825.220 (c) prohibits interference by "an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights…By the same token, employers cannot use the taking of

FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies."

38. Defendant interfered with Plaintiff's FMLA rights in violation of, among others, 29 C.F.R. § 825.220 (c) when it "use(d) the request for FMLA leave as a negative factor in" the decision not to promote Plaintiff .

39. That as a result of the wrongful actions of Defendant, Plaintiff lost wages, salary, and/or other compensation.

WHEREFORE Plaintiff prays for Judgment against Defendant, FAS, for lost wages, salary, employment benefits, and/or other compensation denied or lost; the interest on said damages calculated at the prevailing rate; liquidated damages prescribed by statute equal to the above damages; equitable relief as may be appropriate, reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and such  other and further relief as the court deems just and appropriate.

## COUNT III

### (ADA–Disability Discrimination/Retaliation)

40. Plaintiff restates and realleges paragraphs 1-25 of this Complaint as if fully stated herein.

41. At all relevant times, Defendant, FAS, was an employer and/or an agent covered by and within the meaning of the ADA.

42. Plaintiff's medical condition(s) are a serious medical condition that substantially limits one or more major life activity.

43. Plaintiff's disability placed him as a member of a protected  class under the ADA.

44. Plaintiff was qualified to perform the essential functions of the job.

Electronically Filed - St Charles Circuit Div - August 20, 2021 - 01:35 PM

45. Plaintiff's disability was a motivating factor in Defendant, FAS', wrongful discriminatory treatment described and set forth above including, but not limited to denying Plaintiff a promotion.

46. Plaintiff's request for accommodation was a motivating factor in Defendant, FAS', wrongful discriminatory treatment described and set forth above including, but not limited to denying Plaintiff a promotion.

47. Defendant, FAS', actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

48. Defendant, FAS, and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of his disability.

49. As a direct and proximate result of Defendant, FAS', wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past wage loss, shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, FAS, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the ADA, and all other relief deemed just and equitable.

## COUNT IV

### (Missouri Human Rights Act - Disability Discrimination)

50. Plaintiff restates and realleges paragraphs 1 - 25 of this Petition as if fully stated herein.

51. At all relevant times, Defendant was an individual, employer and/or agent covered by and within the meaning of the Missouri Human Rights Act.

52. Plaintiff had a physical disability that substantially limited one or more of his major life activities.

53. Plaintiff's disability was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to denying Plaintiff a promotion.

54. Alternatively, Plaintiff's disability was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to denying Plaintiff a promotion.

55. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

56. Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

57. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past wage loss; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

Electronically Filed - St Charles Circuit Div - August 20, 2021 - 01:35 PM

Electronically Filed - St Charles Circuit Div - August 20, 2021 - 01:35 PM

## COUNT V

### (Missouri Human Rights Act –Retaliation)

58. Plaintiff restates and realleges paragraphs 1-25 of this Petition as if fully stated herein.

59. At all relevant times, Defendant was an individual, employer and/or agent covered by and within the meaning of the Missouri Human Rights Act.

60. Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to not promoting Plaintiff, was in retaliation for requesting a reasonable accommodation and/or for making complaints about discrimination.

61. Plaintiff's requests and/or complaints were a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to not promoting Plaintiff.

62. Alternatively, Plaintiff's requests and/or complaints were a motivating factor in wrongful discriminatory treatment described and set forth above, including but not limited to not promoting Plaintiff.

63. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

64. Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful retaliation.

65. As a direct and proximate result of Defendant' wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past wage loss, shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, lost wages and benefits, compensatory damages, interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

## CONSTITUTIONAL CHALLENGE TO SB43

To any extent that Plaintiff is required to raise any constitutional challenges to SB43 at this time, Plaintiff, Keith Logan, states as follows:

66. On August 28, 2017, SB43 went into effect as a law approved by the Missouri Legislature and signed by the former Missouri Governor.

67. Mo. Const. art. I, section 22(a) states: "that the right of trial by jury as heretofore enjoyed shall remain inviolate." SB43 has, among others, enacted caps on damages, changed the burden of proof, and eliminated causes of action that are common law rights that violates the Missouri Constitution.

68. Mo. Const., art. III, sections 21, 23 require that an act must not have changed from its original purpose, have a single subject and that single subject must be clearly expressed in its title. SB43, among others, has more than one subject, fails to conform to the title, fails to keep the public apprised of the general subject matter of the pending law in violation of the Missouri Constitution.

69. Mo. Const., art. I, section 10 requires due process of law before depriving a person of life, liberty or property. Laws lacking in reasonable certainty violate due process and are void for vagueness. SB43 fails to provide sufficient notice to the proscribed conduct to either the actor or enforcer who are subject to the statute and fails to prevent arbitrary or uneven application of the law due to, among others, its confusing and sometimes directly contradictory language.

70. SB43, among others, has implemented damage caps and eliminated causes of action in violation of the constitution based upon the theories of equal protection and due process.

71. The violating provisions of SB43 are essential to the efficacy of SB43 and, therefore, the entire statute should be held unconstitutional.

WHEREFORE, Plaintiff, Keith Logan, respectfully requests that this Honorable Court strike SB43 in its entirety and alternatively to strike any portion of SB43 to the extent the Court deems it severable; to grant temporary, preliminary, and permanent injunctive relief preventing the implementation, enforcement, or application of the unconstitutional laws; for attorney's fees, costs and expenses as may be provided by law, and for such other relief that this Court deems just.

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

/s/*Joshua G. Miller*
Ryan M. Furniss (MO #53787)
Joshua G. Miller (MO #67496)
7750 Clayton Road, Suite 102
Saint Louis, MO 63117
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com
jmiller@furnisslaw.com

*Attorneys for Plaintiff*



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DEBORAH JEAN ALESSI | Case Number: 2111-CC00722 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH LOGAN<br><br>                                        vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSHUA GRAHAM MILLER<br>THE FURNISS LAW FIRM LLC<br>222 S CENTRAL AVE SUITE 1004<br>SAINT LOUIS, MO  63105 |
| Defendant/Respondent:<br> FAURECIA AUTOMOTIVE SEATING, LLC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** FAURECIA AUTOMOTIVE SEATING, LLC
          **Alias:**
**SERVE REGISTERED AGENT:**
**CAPITOL CORPORATE SERVICE, INC.**
**222 E. DUNKLIN STREET, SUITE 102**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____8/23/2021_____          _____/S/ Cheryl Crowder_____
         Date                                                                    Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server                            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____  _____
                                 Date                                   Notary Public

**Sheriff's Fees, if applicable**
Summons                                  $_____
Non Est                                    $_____
Sheriff's Deputy Salary
Supplemental Surcharge       $_____10.00_____
Mileage                                    $_____ (_____ miles @ $._____ per mile)
**Total**                                     $_____
A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 21-SMCC-1407**     1  of  1           Civil Procedure Form No. 1; Rules 54.01 – 54.05,
                                                                                                                                54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

STATE OF MISSOURI            )
                             ) ss.
ST. CHARLES COUNTY, MISSOURI )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution.  The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute.  The mediator is impartial and has no authority to render a decision or impose a resolution on the parties.   During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office.  If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve.  If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI              )
                               ) ss.
ST. CHARLES COUNTY, MISSOURI   )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____   )
               Plaintiff(s),   )
                                              )
vs.                                           )        Cause #_____
                                              )
_____   )
               Defendant(s).   )

## CONSENT TO MEDIATION FORM

      I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

\_\_\_\_\_   We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

\_\_\_\_\_   We do not consent to the referral of this case to mediation.

_____
Signature

_____
(Print Name)

Attorney for:

_____
(Party or Parties)

Date: _____



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DEBORAH JEAN ALESSI | Case Number: 2111-CC00722 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH LOGAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSHUA GRAHAM MILLER<br>THE FURNISS LAW FIRM LLC<br>222 S CENTRAL AVE SUITE 1004<br>SAINT LOUIS, MO  63105 |
| Defendant/Respondent:<br>FAURECIA AUTOMOTIVE SEATING, LLC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

**RECEIVED AUG 27 2021 COLE COUNTY SHERIFF'S OFFICE**

**FILED SEP 13 2021 CIRCUIT CLERK ST. CHARLES CO.**

## Summons in Civil Case

**The State of Missouri to:** FAURECIA AUTOMOTIVE SEATING, LLC
**Alias:**
SERVE REGISTERED AGENT:
CAPITOL CORPORATE SERVICE, INC.
222 E. DUNKLIN STREET, SUITE 102
JEFFERSON CITY, MO 65101

*COURT SEAL OF ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____8/23/2021_____  /S/ Cheryl Crowder
Date                                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_Deseret Minix_ (name) _Designee_ (title).
☐ other: _____.

Served at _222 E. Dunklin St. 102_ (address)
in _Cole_ (County/City of St. Louis), MO, on _9/3/21_ (date) at _10:00A_ (time).

_Sheriff John P. Wheeler  By_  _Deputy _____ #48_
Printed Name of Sheriff or Server           Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
                                  Date                Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $   10.00
Mileage              $_____ (_____ miles @ $._____ per mile)
**Total**                $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.